**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deutsche Bank National Trust Company, | No. CV-11-2132-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Linda D. Livingood, | |
| Defendant. | |

Plaintiff filed this forcible detainer action in state court. Defendant removed the action on October 28, 2011.

Federal courts are courts of limited jurisdiction, possessing only that power granted by the United States Constitution or federal statute. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). We have subject matter jurisdiction over a case if it arises under federal law or the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Plaintiff's forcible detainer action does not arise under federal law. Moreover, because the only issue raised by a forcible detainer complaint is the right of possession, not title, see A.R.S. § 12-1177(A), there is no dollar amount in controversy. Moreover, defendant's purported counterclaims cannot form the basis for removal jurisdiction. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). And, a resident defendant cannot remove. 28 U.S.C. § 1441(b).

1   We conclude that we lack subject matter jurisdiction over this case, and therefore we *sua sponte* remand this case to state court. See <u>Fiedler v. Clark</u>, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking"); Fed. R. Civ. P. 12(h)(3).

**IT IS ORDERED REMANDING** this case to state court. The clerk is directed to remand the action to the Superior Court of Arizona in Maricopa County.

DATED this 19th day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -